PEARSON, Judge
(dissenting).
There is no doubt the law is settled by the cases cited in the majority opinion that in order to convict a person of being the operator of a gambling house the ownership or control of the house must be proven. *419 But it has also been established that “The result of the two sections [Sections 849.01 and 849.02], taken together, is to make all parties concerned in the keeping of a gambling house principals, whether in the conduct of the same the one acts as an agent or clerk of another or on his own behalf as principal.” McBride v. State, 39 Fla. 442, 446, 22 So. 711, 713; Foote v. State, Fla.1952, 59 So.2d 628.
It is not incumbent on the state to prove the agency and this may be inferred from the actions of the defendant. Foote v. State, supra. The conclusion of the trial judge sitting as a trier of fact that these defendants were acting as the agents of another in the operation of a gambling house was substantiated by the following evidence: (A) The defendants were engaged in hiding the implements commonly used in games of chance which the officers found upon the premises. See also section 849.05, Fla.Stat., F.S.A. (B) The defendants requested the arresting officers to get rid of the implements of gambling thus to cover up the operation. (C) The defendants remained after the breaking up of the game for the purpose of disposing of equipment. Cf. Lopez v. State, Fla.1953, 66 So.2d 807.
It seems reasonable to me that the requirement for proof of “ownership or control” of the premises applies only to those charged as “owners”, because the next portion of the quoted sentence specifies “then it must be proven that by the owner’s knowledge and consent or direction some game or device condemned as gambling has been habitually played or carried on there.” It does not seem reasonable to require proof of ownership or control of the premises to convict the croupiers or dealers, who act as agents or clerks of another. Once it is established that there is a principal who “owns or controls”, the agents should be subject to conviction whether or not the state is able to prove the identity of the owner of the establishment. I would therefore affirm.